No. 569

GILMORE v. IND. COMM.

No. 19885. Supreme Court

On motion to certify. Dock. June 10, 1926.

1283. WORKMAN'S COMPENSATION— Is the principal of a public .school acting in the scope or course of her employment while carrying books from the school building to her home?

Katherine Gilmore filed an application for compensation with the Industrial Commission which was denied.

It appears that Gilmore was the principal of a grade school in the city of Toledo and that on Friday afternoon she was driving home from the school in an automobile and while so doing sustained bodily injuries by reason of a collision of a street car.

· The Common Pleas rendered judgment on a verdict for the Commission, which judgment was affirmed by the Court of Appeals.

Gilmore in the Supreme Court contends:

1. That she was acting in the scope of her employment at the time of her injury.

2. That the verdict was against the weight of the evidence.

3. That one of the nine jurymen signing the verdict was asleep during a portion of the trial.

**Attorneys**—J. H. Boyd, Toledo, for Pltf.; C. C. Crabbe and R. R. Zurmehly, Columbus, for Deft.

---

No. 570

PULLIAM v. HITZ et

No. 19874. Supreme Court

On motion to certify. Dock. June 7, 1926.

313. CORPORATIONS—May a stockholder of a corporation on behalf of himself and all other stockholders be barred from a mandatory injunction ordering the return of a contract fraudulently assigned on the ground of laches?

Jay P. Hitz on behalf of himself and all other stockholders of the Telling-Bell-Vernon Company· brought this action originally in the Cuyahoga Common Pleas against L. R. Pulliam in which a mandatory injunction for the return of a fraudulently assigned contract and profits arising under said contract was sought.

It appears that the Telling Bell Vernon Company in December .1921 obtained the right to manufacture S. M. A. Food by virtue of a contract. Prior thereto· the directors of the Telling-Bell-Vernon Company had formed a plan whereby said product was to be manufactured by a subsidiary company which they would organize. Such a company was incorporated under the name of Laboratory Products Company and subsequently this contract was assigned to a newly organized company, W. F. O. Laboratories Company which company was organized and the stock subscribed for by said directors. The contract provided for a 10% royalty from the Telling-Bell-Vernon Company.

The Common Pleas granted a permanent injunction and the Appeals after submitting the questions of fact to a referee denied the injunction as to a return of the contract but granted an accounting of the profits and thereupon allowed the referee a fee of $3000 after and application for only $1500 had been made.

Pulliam in the Supreme Court contends:

1. That the Appeals abused its discretion in granting the fee of $3000.

2. That the Telling-Bell-Vernon Company were guilty of laches which would bar a recovery.

3. That the rights accruing under the contract and the profits thereunder cannot be separated.

4. That an injunction should· be granted enjoining the further assignment of the contract.

**Attorneys**—Thompson, Hine & Flory, Cleveland, for pltf.; Woods & Long and Tolles, Hogsett, Ginn & Morley, Cleveland, for defts.